Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELIZABETH KARLSON,

Plaintiff,

v.

~~THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"~~YANGHENG,

Defendant~~s~~.

Case No.: 1:26-cv-11605

Judge LaShonda A. Hunt

Magistrate Judge M. David Weisman

**AMENDED COMPLAINT**

Plaintiff, ELIZABETH KARLSON ("Karlson" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of YangHeng~~the Partnerships and Unincorporated Associations identified on Schedule A attached hereto~~ (~~collectively,~~ "Defendant~~s~~"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant~~s~~ since ~~each of~~ the Defendant~~s~~ directly targets consumers in the United States, including Illinois, through at least ~~the fully interactive commercial internet stores operating under the Defendant aliases and/or~~ the online marketplace account~~s~~ identified ~~in Schedule A attached hereto~~as "YangHeng" (~~collectively,~~ the "Defendant

[1] A redline version of this Amended Complaint is attached hereto as **Exhibit 2**

Internet Store~~s~~”). ~~Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff’s copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products bearing infringing versions of Plaintiff’s federally registered copyrighted works to residents of Illinois.~~ Venue is proper in any district in which Defendant resides or may be found which includes any district in which it would be subject to personal jurisdiction. See 28 U.S.C. § 1391(b)(3). On information and belief, Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3). ~~Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state’s courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.~~

## INTRODUCTION

~~3.~~ Plaintiff, Elizabeth Karlson, is the owner of the federal copyright registration~~s~~ that protects the creative content of Plaintiff’s image~~s~~. Karlson is an Illinois-based, contemporary abstract artist who uses alcohol inks to create paintings full of color, texture, and calming energy.

~~4.~~3. ~~This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff’s reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff’s images. In addition, the Defendants are selling~~

unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's images.

5.4. Plaintiff is the owner of United States Copyright Registration Nos. VA 2-423-353; VA 2-423-373; and VA 2-423-375 (the "Elizabeth Karlson Works") and the registrations isare attached hereto as **Exhibit 1**. Upon information and belief, the copyrights hasve an effective dates that predates the Defendant's' acts of copyright infringement.

6.5. Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district. *See* **Exhibit 3**In an effort to illegally profit from the creative content of the Elizabeth Karlson Works, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Elizabeth Karlson Products. .

7.6. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendant's' piracy of the Elizabeth Karlson Works. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the

valuable copyrights, reputation, goodwill, the quality, and ability to license as a result of Defendant's' actions and seeks injunctive and monetary relief.

**THE PLAINTIFF**

7. Plaintiff, Elizabeth Karlson, is the owner of the Copyright Registrations that protects the creative content of the Elizabeth Karlson Works. Karlson is an Illinois-based contemporary abstract artist who uses alcohol inks to create paintings full of color, texture, and calming energy. Colorful, moody, calm, or vibrant, the colors of each painting interact to create an ethereal scene and evoke a distinct set of emotions for every viewer, making the interaction with her art a personal journey. Karlson has always loved art. She has been drawing since she could hold a crayon in her hands, and she studied studio arts and art history in college. In 2017, she discovered alcohol inks, a medium that awakened her fire and desire to pursue abstract art and find her own style. Karlson's goal is to create moments of peace and happiness throughout her art. Whether it is a mural that transforms a space or a small painting that brings a touch of tranquility to someone's home, she strives to make art that resonates, providing a serene escape from everyday stressors. Her art has been featured in a number of exhibitions and publications in the United States and Europe. Information about the Elizabeth Karlson Work is provided in the following table:

| **Registration No.** | **Effective Date of Registration** | **Title of Work** | **Design** |
|---|---|---|---|
| VA 2-423-353 | November 8, 2024 | Shimmering Chaos |  |

8. Karlson has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Elizabeth Karlson Work~~s~~. As a result, products associated with the Elizabeth Karlson Work~~s~~ are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Karlson (the "Elizabeth Karlson Products").




https://www.redbubble.com/people/LSchulz19/shop

9. Plaintiff is the owner of the United States Copyright Registration~~s~~ that covers the Elizabeth Karlson Work~~s~~. The Registration~~s~~ ~~are~~is valid, subsisting, and in full force and effect. A ~~T~~true and correct copy~~ies~~ of the registration certificate~~s~~ for the Elizabeth Karlson Work~~s~~ is~~are~~ attached hereto as **Exhibit 1**.

10. In an effort to illegally profit from the creative content of the Elizabeth Karlson Work~~s~~, Defendant~~s~~ has~~ve~~ created ~~numerous~~ the Defendant Internet Store~~s~~ and designed it~~them~~ to appear to be selling authorized Elizabeth Karlson Products. Upon information and belief,

Defendants facilitates sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be an authorized online retailers, outlet stores, or wholesalers selling genuine Elizabeth Karlson Products.

11. Karlson has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Elizabeth Karlson Works.

12. The success of the Elizabeth Karlson Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

13. As a result of Plaintiff's efforts, the quality of the Elizabeth Karlson Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Elizabeth Karlson Works and associate itthem exclusively with Karlson.

14. Karlson has made efforts to protect Plaintiff's interests in and to the Elizabeth Karlson Works. No one other than Karlson and her licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Elizabeth Karlson Works without the express written permission of Plaintiff.

**THE DEFENDANTS AND THE DEFENDANT'S' UNLAWFUL CONDUCT**

15. Defendants is anare individuals and/or business entityies who, upon information and belief, resides in the People's Republic of China or anather foreign jurisdictions. Defendants conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold, and continues to sell illegal Elizabeth Karlson Products to consumers within the United States, including Illinois and in this judicial district. *See* **Exhibit 3**.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

16. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

17. The Elizabeth Karlson Works areis an original works and isare copyrightable subject matter under 17 U.S.C. § 101 et seq.

18. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Elizabeth Karlson Works, including derivative works. The Elizabeth Karlson Works isare the subject of a valid Copyright Registration Certificates issued by the Register of Copyrights. (**Exhibit 1**).

19. Defendant had access to the Elizabeth Karlson Work via the internet, where the design appears on Plaintiff's authorized websites.

20. Defendant's unauthorized products either reproduce the Elizabeth Karlson Work or are derived from the Elizabeth Karlson Work:

| **Plaintiff's Elizabeth Karlson Work** | **Defendant's Infringing Product** |
| --- | --- |

| | |
|---|---|
|  |  |

~~19.~~21. ~~Each~~ Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Elizabeth Karlson Work~~s~~ through an online marketplace listing~~s~~. Upon information and belief, ~~each~~ Defendant's unauthorized listings at issue in this case are accessible and have been accessed by Illinois residents. ~~Each~~ Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, and public display under the Copyright Act. 17 U.S.C. §§ 106(1), (2), (3), (5). ~~Each~~ Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101 et seq.

~~20.~~22. As a result of ~~each~~ Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

~~21.~~ The conduct of ~~each~~ Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting ~~each~~ Defendant from further infringing Plaintiff's copyright~~s~~ and ordering that ~~each~~ Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant~~s~~ as follows:

1) That Defendant~~s~~, ~~their~~ its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it~~them~~ be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Elizabeth Karlson Work~~s~~ or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Elizabeth Karlson Product or is not authorized by Plaintiff to be sold in connection with the Elizabeth Karlson Work~~s~~;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Elizabeth Karlson Work~~s~~;

c. further infringing the Elizabeth Karlson Work~~s~~ and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Elizabeth Karlson Work~~s~~, and which are derived from Plaintiff's copyright~~s~~ in the Elizabeth Karlson Work~~s~~; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store~~s~~, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright~~s~~ in the Elizabeth Karlson Work~~s~~;

2) For Judgment in favor of Plaintiff against Defendants that they haveit has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's' acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: October 1, 2026 September 22, 2026 Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***