**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELIZABETH KARLSON,

Plaintiff,

v.

YANGHENG,

Defendant.

Case No.: 1:26-cv-11605

Judge LaShonda A. Hunt

Magistrate Judge M. David Weisman

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO THE COURT'S MINUTE ORDER REGARDING PERSONAL JURISDICTION**

Plaintiff, Elizabeth Karlson ("Karlson" or "Plaintiff") submits this memorandum, together with Exhibit A, in response to the Court's October 5, 2026 Minute Order (Dkt. 15). Exhibit A collects Walmart.com captures of Defendant's listing as it appeared on March 25, 2026, and the listing's default product image (Ex. A at 2–4); Defendant's storefront page (*id.* at 5); the completed Illinois order previously filed at Dkt. 14-3 (*id.* at 7); and Walmart's delivery confirmation for that order (*id.* at 8). The green highlighting and enlargement on page 2 were added by Plaintiff. The record, now supplemented by Exhibit A, shows that the Illinois order came from the listing that displays and offers the infringing product.

The record resolves the Court's concern. The completed Walmart order was placed with Defendant YangHeng for delivery to Chicago, Illinois. (Dkt. 14-3 at 2.) The order's title describes the same garment pictured as Defendant's infringing product, an eyelet-embroidered, button V-neck henley; and the order's composite product image is not a single shirt but a display of the listing's print variants, the infringing design among them. (*Id.*; Dkt. 14 ¶ 20; Ex. A at 4.) Those

matching identifiers establish, at a minimum prima facie, that the Illinois order came from the infringing listing.

## I. LEGAL STANDARD

Because the Copyright Act, like the Lanham Act, does not provide for nationwide service of process, this Court has personal jurisdiction over Defendant only if Illinois law would authorize it, and Illinois's long-arm statute reaches as far as the Due Process Clause permits. *See* Fed. R. Civ. P. 4(k)(1)(A); 735 Ill. Comp. Stat. 5/2-209(c); *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026) (Lanham Act); *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022) (same). Where, as here, the question is resolved on written submissions without an evidentiary hearing, the plaintiff "bears only the burden of making a prima facie case for personal jurisdiction," and she "is entitled to the resolution in [her] favor of all disputes concerning relevant facts presented in the record." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020) (first quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423 (7th Cir. 2010); then quoting *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

Specific personal jurisdiction over an online seller turns on three requirements: (1) the defendant purposefully availed itself of the privilege of conducting business in Illinois or purposefully directed its activities here; (2) the plaintiff's alleged injury arose out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *NBA Props.*, 46 F.4th at 623; *Liu*, 170 F.4th at 1093. In the Schedule A context, "a defendant's operation of an online store accessible in the forum state, combined with completed sales in the forum state," is sufficient to subject that defendant to jurisdiction. *Liu*, 170 F.4th at 1093 (citing *NBA Props.*, 46 F.4th at 623–27).

An actual, completed Illinois sale is required; proof that a sale was possible is not enough. In *Liu*, the Seventh Circuit vacated a default judgment against Walmart.com sellers because the plaintiff's screenshots showed only "the checkout page with the infringing product, a Chicago shipping address, and the estimated total, but not a completed purchase." 170 F.4th at 1093. That evidence established "only that it was possible to order the defendants' products and have them shipped to Illinois, not that such sales took place," and the court remanded with instructions to dismiss for want of jurisdiction. *Id.* at 1093–94.

Once a completed Illinois sale is shown, however, one is enough. The Seventh Circuit has rejected "a bright-line rule that a single transaction cannot be sufficient to establish jurisdiction," refusing to draw "a rigid numerical line." *NBA Props.*, 46 F.4th at 624. A seller purposefully directs its conduct at Illinois when it establishes an online store, "unequivocally assert[s] a willingness to ship goods to Illinois and establish[es] the capacity to do so," and then fills an order by "intentionally shipping an infringing product to the customer's designated Illinois address." *Id.* It is irrelevant that the purchase was made by, or at the direction of, the plaintiff or her agent; the purchaser's "motivations in purchasing the allegedly illegal item are in no way relevant" to whether the seller targeted the Illinois market. *Id.*

The relatedness requirement "is met when direct sales from the defendant in the forum state involve the infringing product." *Id.* at 625 (citing *Curry*, 949 F.3d at 401–02). That requirement does not demand strict causation. The suit must "arise out of or relate to the defendant's contacts with the forum," and while "[t]he first half of that standard asks about causation," "the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing," subject to "real limits." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (cleaned up). Applying these principles, the Seventh Circuit held that a seller's "listing

of its product on Amazon.com and its sale of the product to counsel are certainly related sufficiently to the harm" alleged, because "[a] vendor violates the Lanham Act when it lists for sale infringing products." *NBA Props.*, 46 F.4th at 626–27. By contrast, in *Matlin v. Spin Master Corp.*, 921 F.3d 701 (7th Cir. 2019), jurisdiction failed because the lone sale was "a single incident conjured up by the plaintiffs' attorney for the exclusive purpose of establishing personal jurisdiction," *id.* at 706, that was "unrelated to the litigation and occurred after the case was filed," *NBA Props.*, 46 F.4th at 625.

The Copyright Act grants the owner the exclusive right "to display the copyrighted work publicly." 17 U.S.C. § 106(5). "[A] person displays a photographic image by using a computer to fill a computer screen with a copy of the photographic image fixed in the computer's memory," and communicating such a stored image to users makes out a prima facie case of direct infringement of the display right. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007). "Nothing in the Copyright Act prevents the various rights protected in section 106 from overlapping." *Id.* at 1161.

Finally, once purposeful, suit-related contacts are shown, a defendant seeking to defeat jurisdiction "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *NBA Props.*, 46 F.4th at 627 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). "There is no unfairness in requiring a defendant to defend a lawsuit in the courts of the state where, through the very activity giving rise to the suit, it continues to gain so much." *Id.* (quoting *Curry*, 949 F.3d at 402). And Illinois "has an interest in protecting its consumers from purchasing fraudulent merchandise." *Id.*

## II. ARGUMENT

### A. The Record Shows, at Least *Prima Facie*, That the Illinois Sale Was a Sale of the Infringing Product

The Illinois purchase itself is not in doubt. The Walmart.com order record, filed as Exhibit 3 to the Amended Complaint, reflects "Order# 2000148-07176419," placed May 10, 2026, "Sold and shipped by YangHeng," for one unit in "Actual Color: Blue" and "Clothing Size: L," at $7.77, with a Chicago, Illinois delivery address, a Visa payment method, and an order total of $15.67. (Dkt. 14-3 at 2; Ex. A at 7.) Walmart's delivery confirmation for that order number reflects that it was "Delivered Sun, May 24." (Ex. A at 8.) That is a completed purchase, not the checkout page found wanting in *Liu*. 170 F.4th at 1093. With factual disputes resolved in Plaintiff's favor, as the prima facie standard requires, the record shows in three ways that the order came from the infringing listing.

First, the representative image the Court found unclear is a composite of the listing's variants, not a picture of the item purchased. It consists of one large image of a model wearing a button-front, V-neck henley, flanked by ten reduced-size images of the same garment in different prints. (Dkt. 14-3 at 2; Ex. A at 4.) The composite thus depicts the range of prints Defendant advertises under this single listing. That the most discernible shirt is not the infringing print is therefore expected: it is the listing's lead image, not a depiction of the item purchased.

Second, the item ordered is the garment pictured as the infringing product. The order's title describes a top with "Eyelet Embroidery" and a "Button V" neck. (Dkt. 14-3 at 2.) The listing itself bears the full title "QATAINLAV Womens Summer Tops Casual Eyelet Embroidery Tshirts Loose Fit Button V Neck Henley Shirts Trendy Gradient Print Short Sleeve Tees Ofertas en Walmart Dark Blue L," at the same $7.77 price, "Sold and shipped by YangHeng." (Ex. A at 2.) That is the garment pictured as "Defendant's Infringing Product" in the Amended Complaint: a button-front, V-neck henley with a white eyelet-embroidered yoke, printed with Plaintiff's blue-

gray alcohol-ink work. (Dkt. 14 ¶ 20.) And the composite product image that accompanied the order displays the infringing product itself: among its reduced-size variant images is the white-yoked henley in Plaintiff's blue-gray marbled print. (Dkt. 14-3 at 2.) Exhibit A reproduces that image file at full size, and the infringing print appears in the third row of variants. (Ex. A at 4.)

Third, every link in the chain runs to Defendant. YangHeng is the only defendant; the order was "Sold and shipped by YangHeng"; and Defendant's Walmart.com storefront identifies the seller as "Shenzhen Yanghengming Trading Co., Ltd.," located in Shenzhen, China. (Dkt. 14-3 at 2; Ex. A at 5.) The Amended Complaint alleges that Defendant offered and sold the infringing product through its Walmart.com listing and that "Defendant's unauthorized listings at issue in this case are accessible and have been accessed by Illinois residents." (Dkt. 14 ¶¶ 15, 21.) To the extent the record admits more than one reading, the prima facie standard requires the Court to adopt the reading favorable to Plaintiff. *Curry*, 949 F.3d at 393.

This record is the inverse of the one in *Liu*. There, the plaintiff offered only a checkout page and "not a completed purchase." 170 F.4th at 1093. Here, the purchase was completed: the order was placed with Defendant, paid for, and assigned an order number for delivery to Chicago, and delivered, all through the listing that offers the infringing product. (Dkt. 14-3 at 2; Dkt. 14 ¶¶ 20–21; Ex. A at 2–4, 8.) Defendant established a Walmart.com storefront, held itself out as willing and able to ship to Illinois, and accepted an Illinois order through the listing that offers and displays the infringing product. That is purposeful direction, and a single such sale is enough. *NBA Props.*, 46 F.4th at 624. Because the sale was made through that infringing listing, relatedness follows as well. *Id.* at 625–27. This case falls on the *NBA Properties* side of the line, not the *Liu* side.

### B. Independently, Defendant's Unauthorized Display of Plaintiff's Work in the Listing Satisfies the Relatedness Requirement

Even if the Court were to view the specific garment as ambiguous, jurisdiction is still proper. Defendant's unauthorized display of Plaintiff's work in the listing is itself an act of infringement, and the completed Illinois sale placed through that listing "relate[s] to" that infringement. *Ford*, 592 U.S. at 362.

The display in the listing is itself infringement. Each time Defendant's listing fills an Illinois consumer's screen with a copy of Plaintiff's work, it "display[s]" that work within the meaning of the Copyright Act and invades Plaintiff's exclusive right under § 106(5). *See Perfect 10*, 508 F.3d at 1160. That right does not collapse into the reproduction right. *Id.* at 1161. The unauthorized display of Plaintiff's work to Illinois consumers in Defendant's listing is thus an infringing act in its own right, independent of which physical garment is ultimately shipped. (*See* Dkt. 14 ¶¶ 20–21.) Nor is that display tucked away on a secondary page. Plaintiff's work appears in the listing's default product photo, the same composite image that accompanied the Illinois order. (Dkt. 14-3 at 2; Ex. A at 2, 4.)

The Illinois sale relates to that infringing display. Relatedness does not require a strict causal showing, *Ford*, 592 U.S. at 362, and the Seventh Circuit treats the infringing listing itself as the wrongful conduct to which a forum sale relates, *NBA Props.*, 46 F.4th at 626–27. The point applies with greater force under the Copyright Act, where the listing's public display of the protected work is itself an infringing act rather than a predicate for consumer confusion. Here, Defendant displayed Plaintiff's work in its Illinois-accessible listing, including in the default photo presented with the Illinois order, and completed a sale to Illinois through that same listing. The infringing display and the completed Illinois transaction are two halves of a single course of forum-directed conduct: the display solicits the Illinois purchase, and the purchase is consummated

through the display. That is a strong "relationship among the defendant, the forum, and the litigation." *Ford*, 592 U.S. at 365 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

The Illinois order was placed pre-suit, through a listing that displayed Plaintiff's work and offered the infringing product to Illinois consumers. (Dkt. 1; Dkt. 14 ¶¶ 20–21; Dkt. 14-3 at 2.) And the sale is not an attenuated contact with an unrelated dispute; it is the infringing conduct itself. Whatever prompted the purchase, Defendant chose to accept an Illinois order and to sell into Illinois, and that choice is what the due process inquiry examines. *NBA Props.*, 46 F.4th at 624.

### C. The Exercise of Jurisdiction Is Fair and Reasonable

Nor could Defendant present a "compelling case" required to defeat jurisdiction. *NBA Props.*, 46 F.4th at 627. Defendant chose to sell on a U.S. marketplace, structured its storefront to accept and fill orders bound for Illinois, and completed an Illinois sale through the very listing at issue. There is no unfairness in requiring a seller that reached into Illinois to sell to answer here for that conduct. *See id.* Illinois, for its part, has a strong interest in protecting its consumers and its resident artists from infringing merchandise sold into the State. *See id.* Plaintiff herself is an Illinois-based artist. (Dkt. 14 ¶ 3.)

## III. CONCLUSION

The Minute Order asked whether the shirt sold to an Illinois customer was the infringing product. The record answers that question: the Illinois order was placed with the same Defendant, before this suit was filed, for the same eyelet-embroidered henley pictured as the infringing product, from a listing whose composite default image displays its print variants, Plaintiff's work among them. That completed Illinois sale satisfies *NBA Properties* and supplies precisely the evidence that was missing in *Liu*. Independently, Defendant's display of Plaintiff's work in the

listing through which the Illinois sale was made satisfies the relatedness standard of *Ford*. Plaintiff therefore respectfully requests that the Court find that Plaintiff has, at the minimum, made a prima facie showing of specific personal jurisdiction over Defendant YangHeng, decline to dismiss the Amended Complaint (Dkt. 14), and permit this action to proceed against Defendant.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***